**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4047**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JABLE ATHEL MAXWELL,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Mary G. Lewis, District Judge. (3:15-cr-00474-MGL-1)

Submitted: September 28, 2018                    Decided: October 11, 2018

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Aimee J. Zmroczek, A.J.Z. LAW FIRM, LLC, Columbia, South Carolina, for Appellant. Jane Barrett Taylor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jable Athel Maxwell appeals the 60-month sentence imposed following his guilty plea, entered pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to possession with intent to distribute and distribution of a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). On appeal, Maxwell's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the district court's application of a two-level Sentencing Guidelines enhancement for possession of a weapon and the reasonableness of Maxwell's sentence.[1] Although notified of his right to do so, Maxwell has not filed a pro se supplemental brief, and the Government has elected not to respond to the *Anders* brief. Finding no reversible error, we affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant

---

[1] Maxwell also questions the validity of his waiver of appellate rights. Although Maxwell executed a broad appellate waiver, the Government has not sought to enforce it, and we do not enforce appeal waivers sua sponte. *United States v. Jones*, 667 F.3d 477, 486 (4th Cir. 2012). Accordingly, we need not decide whether Maxwell's appeal waiver was knowing and voluntary.

procedural error," we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

We review Maxwell's challenge to the weapon enhancement for clear error. *United States v. Manigan*, 592 F.3d 621, 626 (4th Cir. 2010). Under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2015), a two-level enhancement applies if the defendant possessed a dangerous weapon, including a firearm. "[T]he enhancement . . . 'should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense.'" *United States v. Mondragon*, 860 F.3d 227, 231 (4th Cir. 2017) (quoting USSG § 2D1.1 cmt. n.11(A) (emphasis omitted)). "[T]he Government must prove by a preponderance of the evidence that the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." *Manigan*, 592 F.3d at 628-29 (internal quotation marks omitted); *see Mondragon*, 860 F.3d at 231. "[P]roof of constructive possession of the dangerous weapon is sufficient, and the Government is entitled to rely on circumstantial evidence to carry its burden." *Manigan*, 592 F.3d at 629.

Here, the district court adopted the findings of the presentence report, which indicated that law enforcement recovered a handgun from Maxwell's residence, as well as ammunition of the same caliber from a stash house where Maxwell stowed illicit substances. Based on this record, we conclude that the district court did not clearly err in

applying the two-level enhancement under USSG § 2D1.1(b)(1). In addition, we discern no other procedural error, as the district court correctly calculated Maxwell's Guidelines range of 97 to 121 months, afforded the parties an opportunity to address the court, considered the § 3553(a) factors, and thoroughly explained its reasons for imposing the sentence stipulated in the Rule 11(c)(1)(C) plea agreement. Finally, nothing in the record rebuts the presumption that Maxwell's below-Guidelines-range sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's amended criminal judgment. This court requires that counsel inform Maxwell, in writing, of the right to petition the Supreme Court of the United States for further review. If Maxwell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Maxwell.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*